### PAGE, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellees-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 5101.   Decided November 4, 1954.

Robert C. Farmer, Columbus, for appellee.

Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellants.

(MONTGOMERY, PJ, of the Fifth District, NICHOLS and GRIFFITH, JJ, of the Seventh District, sitting by designation.)

## OPINION

By THE COURT.

We are not concerned here with the question of abuse of discretion or arbitrary action of the Board of Liquor Control in so far as the qualifications for fitness of the appellee to hold a permit. Our problem is the construction of three Regulations of the Board of Liquor Control, to wit: Regulation No. 11, Regulation No. 12, and Regulation No. 65. Regulation No. 11, in part, provides:

"* * * applications shall then be processed in the order in which same were filed and pending by the department until the quota is again filled."

Regulation No. 12, in part, provides:

"All applications for all classes of permits shall be processed and either approved or rejected within forty-five (45) days from the date of filing, and notice of such action shall be sent to the applicant within said period of time. Failure of the Department to do so within said period of time shall be deemed a rejection of such applications and may be the basis of an appeal to the Board."

Regulation 65, Section II provides:

"When the Director refuses to issue, renew or transfer any permit he shall, by registered mail, return receipt requested, send to the person so refused, notice of such order at the address stated in such person's application and a copy of such notice to the attorney of record of the applicant. The notice shall set forth the reasons for his action, refer to the law or rule directly involved, and state that the party will be afforded a hearing by the Board if requested within thirty days from the time of mailing the notice. * * *."

These regulations must be construed together since they each pertain to the same subject matter, to wit, applications for permits. Regulation No. 11 does not invalidate or destroy the specific mandate in Regulation No. 12, which requires "all applications for all classes of permits shall be processed and either approved or rejected within forty-five days from the date of filing, and notice of such action shall be sent to the applicant within said period of time. Failure of the Department to do so within said period of time shall be deemed a rejection of such applications and may be the basis of an appeal to the Board." These words are plain, understandable and mandatory in character. We hold that only valid applications, not previously rejected by the action of the Department or by operation of law shall be processed in the order of filing; that the provisions of Regulation No. 12 are automatic in operation and that the applications previously on file have been rejected by operation of law and that the appellee having the only application in good standing should receive a Class D-5 permit within the provisions of Regulation 64 in so far as there now is an opening.

The judgment of the trial court is affirmed.

MONTGOMERY, PJ, NICHOLS and GRIFFITH, JJ, concur.